# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ENEDELIA RIVAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-224 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| Defendant. | § | |

## <u>MAGISTRATE JUDGE'S</u>
## <u>REPORT AND RECOMMENDATION</u>

The Court is in receipt of Defendant Wal-Mart Stores Texas, L.L.C.'s opposed "Motion for Summary Judgment and Memorandum in Support Thereof" (hereinafter, Defendant's "Motion"), which was filed on May 31, 2017. Dkt. No. 16. For the reasons stated below, it is recommended that Defendant's Motion be **GRANTED**.

## I. Background and Procedural History

On August 11, 2014, Plaintiff allegedly slipped and fell on a "granular substance" while pushing her shopping cart toward the exit of Defendant's store. Dkt. No. 1-1 at 2; Dkt. No. 20-1 at 7, 9. Plaintiff filed suit against Defendant in County Court at Law No. 3 of Cameron County, Texas, on June 16, 2016. Dkt. No. 1-1. On August 25, 2016, Defendant removed the case to federal court pursuant to the diversity jurisdiction requirements of 28 U.S.C. § 1332. Dkt. No. 1. Defendant filed its instant Motion on May 31, 2017. Dkt. No. 16. Plaintiff filed her Response on June 14, 2017. Dkt. No. 20.

## II. Standard of Review

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). A court shall grant summary judgment if the movant demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see Celotex Corp.*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). A fact is material if its resolution could affect the outcome of the action, and a disputed material fact is genuine if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party. *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In deciding whether a genuine issue of material fact exists, the facts are viewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not satisfied by mere reliance on the allegations or denials in its pleadings. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994). Likewise, conclusory statements, speculation, and unsubstantiated assertions do not defeat a motion for summary judgment. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

Neither can a party defeat summary judgment with "'only a scintilla of evidence.'" *Delta & Pine Land Co.*, 530 F.3d at 399 (quoting *Little*, 37 F.3d at 1075). Rather, a party must support any assertion that a fact cannot be or is genuinely

disputed by "(a) citing to particular parts of materials in the record . . . ; or (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact."  FED. R. CIV. P. 56(c)(1).  The court only needs to consider cited materials, but may also consider other materials in the record.  FED. R. CIV. P. 56(c)(3).  This, however, does not impose a duty upon the court to sift through a record in search of evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the non-movant fails to refer to evidence in the record in response to the motion for summary judgment, even if it exists, that evidence is not properly before the district court.  *Malacara*, 353 F.3d at 405.  In the absence of proof, the court will not assume that the non-movant could or would prove a necessary fact.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).  Rather, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may "(2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it . . . ."  FED. R. CIV. P. 56(e).

### III.  Discussion

Plaintiff raised two claims against Defendant in connection with her slip-and-fall: first, a negligence cause of action, and second, a premises liability cause of

action. Defendant addresses both claims in its Motion. Dkt. No. 16 at 1. First, Defendant asserts that there is no evidence to show Plaintiff's injuries were caused by the contemporaneous conduct of Wal-Mart or its employees, negating a claim for negligent activity. *Id.* at 3. Second, Defendant contends that Plaintiff has produced no evidence showing Wal-Mart had any actual or constructive knowledge of the condition at the time of Plaintiff's fall, precluding a claim for premises liability. *Id.* at 3-4. Plaintiff's Response focuses on her premises liability claim, and argues that her testimony creates a genuine question of material fact with respect to whether Defendant had constructive knowledge of the alleged hazard. Dkt. No. 20 at 8. The Court examines whether summary judgment is appropriate for each claim in turn.

### a) Negligent Activity

"Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). The difference between the two causes of action is that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). To prevail on a negligent activity claim, a plaintiff must show her injury resulted from the owner's affirmative activities at the time of the incident, rather than from a condition created on the premises by that activity. *State v. Shumake*, 199 S.W.3d 279, 284

(Tex. 2006). "[W]hen a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015).

Plaintiff raises no evidence suggesting her injuries were caused by the contemporaneous conduct of Wal-Mart or its employees, as would be required to prevail under a negligent activity theory. *Del Lago Partners, Inc.*, 307 S.W.3d at 776. Plaintiff does not assert that Wal-Mart employees spilled the granular substance themselves, or that they were engaged in any ongoing activity that contributed to her fall. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (emphasizing the need for "ongoing activity" for a plaintiff to hold a premises owner liable under a negligence theory). On the contrary, Plaintiff's allegations are that her injuries were caused by Defendant's "improper *maintenance*" of the premises. Dkt. No. 20 at 5 (emphasis added). Improper maintenance of the premises alone, without proof that the store's activities caused Plaintiff's injuries, does not support a claim for negligence. *Keetch*, 845 S.W.2d at 264. Because Plaintiff has not created a genuine question of material fact to support a finding of negligent activity, her negligence claim cannot overcome Defendant's Motion.

### b) Premises Liability

A premises owner generally has a duty to make safe or warn against any concealed and unreasonably dangerous conditions that the premises owner is, or reasonably should be, aware of that the invitee is not. *See Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). To prevail on a premises liability claim, a

plaintiff-invitee must show: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and, (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Defendant argues that there is no evidence to support the knowledge element of Plaintiff's premises liability claim. Dkt. No. 16 at 4. Plaintiff does not allege Defendant had actual knowledge of the granular substance on the store floor, but contends that the evidence supports a finding of constructive knowledge. Dkt. No. 20 at 8.

Constructive knowledge "can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101-03 (Tex. 2000). The Texas Supreme Court requires temporal evidence to support a finding of constructive knowledge. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002); *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006). Temporal evidence refers to "some proof of how long the hazard was there[.]" *Reece*, 81 S.W.3d at 816. For example, evidence that an alleged hazard had been on the floor "for an extended period of time" could suffice to show a premises owner's constructive knowledge. *Spates*, 186 S.W.3d at 568. But "[w]ithout some temporal evidence, there is no basis upon which the factfinder can reasonably assess the

opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816.

Plaintiff has not produced temporal evidence that could create a genuine question of material fact as to constructive knowledge. In her deposition, Plaintiff testified that she did not know how long the granular substance she slipped on had been present, or how the substance came to be on the floor. Dkt. No. 20-1 at 9. She acknowledged that she did not see the substance prior to slipping, and that the substance was not present when she entered the store two hours before the incident. Dkt. No. 20-1 at 7, 9. Additionally, Plaintiff testified that no Wal-Mart employees said anything about how long the substance had been on the floor. Dkt. No. 20-1 at 9. While video evidence shows a Wal-Mart employee in the proximity of the area eleven minutes prior to the fall, the Texas Supreme Court has held that an employee's mere proximity to a hazard, without temporal evidence of how long the substance had been present, is not enough to establish a premises owner's constructive knowledge. Dkt. No. 22 at 3; *Reece*, 81 S.W.3d 812, 816. Furthermore, Plaintiff has not produced evidence to support her secondary contention that there is a "fact question as to whether or not the area of Plaintiff's incident was inspected pursuant to Wal-Mart policy before the incident." Dkt. No. 20 at 10.

Plaintiff argues it is more likely than not that the condition existed long enough to give Defendant constructive notice, because the floor was slippery at the time of her fall. Dkt. No. 20 at 10. Without evidence supporting this assertion, however, Plaintiff's argument cannot proceed to a trier of fact. Premises owners are

not strictly liable for any conditions that result in injury. *CMH Homes, Inc.*, 15 S.W.3d at 102. The mere presence of a slippery substance does not indicate the substance had been on the ground long enough to impute knowledge of its location to the store owner. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). In this case, Plaintiff has not produced any evidence to suggest how long the granular substance was on the ground. Nor has she shown that a trier of fact could reasonably conclude Defendant should have known about the granular substance prior to Plaintiff's fall. Thus, considering the evidence in the light most favorable to Plaintiff, there is no genuine question of material fact as to whether Defendant had constructive knowledge of the alleged hazard.

## IV. Recommendation

For the reasons stated above, it is recommended that Defendant's Motion be **GRANTED**.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 11th day of August, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**